UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **GARY LEITER**, *on behalf of himself and all others similarly situated,*<br><br>*Plaintiff,*<br>v.<br><br>**DOE CORPORATION d/b/a VOICE SEARCH ACTIVATED,**<br><br>*Defendant.* | Civil Case No.: CIV- 25-32-J<br><br>**COMPLAINT - CLASS ACTION** |



FILED

1:57 pm, Jan 09, 2025

JOAN KANE, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA
By: LLR, Deputy Clerk

## INTRODUCTION

1. This action arises out of the marketing practices of Defendant, Doe Corporation d/b/a "Voice Search Activated" ("Defendant") that violate the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

2. Defendant makes, or has made on its behalf, prerecorded telemarketing calls soliciting voice search optimization services to cellular telephone numbers without consent.

3. Defendant continues making these calls even after the called party requests that the calls stop.

4. Accordingly, Plaintiff Gary Leiter ("Plaintiff" or "Mr. Leiter") brings this action on behalf of himself and a class of similarly situated individuals.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6. This Court has jurisdiction over Defendant because Defendant conducts business transactions in this District and has committed tortious acts in/from this District. Further, Defendant targeted a resident of this District with its illegal calling campaign and knew it was

calling into this District because Mr. Leiter's area code (i.e., 405) is associated with the state of Oklahoma.

7. Venue is proper in this District because some of the wrongful conduct giving rise to this case occurred in, was directed from, and/or emanated from this District.

## PARTIES

8. Plaintiff Gary Leiter ("Mr. Leiter" or "Plaintiff") is, and at all times mentioned herein was, a citizen and resident of Blanchard, Oklahoma.

9. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

10. Defendant is, and at all times mentioned herein was, an unknown entity that utilizes the d/b/a Voice Search Activated and utilized various telephone numbers as identified in this Complaint to contact consumers in violation of the TCPA.

11. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

## TCPA BACKGROUND

12. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy[,]" and found that federal legislation was needed because "telemarketers [could] evade [state-law] prohibitions through interstate operations.'" *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012) (citations omitted).

### *Prohibition of Prerecorded or Artificial Voice Calls*

13. Section 227(b) of the TCPA prohibits making *any* call (other than a call made for emergency purposes) to a cellular telephone using an automatic telephone dialing system or an

artificial or prerecorded voice without the prior express consent of the called party. *See* 47 U.S.C. § 227(b)(1)(A).

14. A violation of section 227(b) carries statutory damages of $500 to $1,500 per call. *See* 47 U.S.C. § 227(b)(3)(B) and (C).

### *Vicarious Liability*

15. A person or entity can be liable for calls made on its behalf in violation of the TCPA, even if that person or entity did not directly dial such calls. *See, e.g., In re Rules & Regs. Implementing the TCPA*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995) (explaining that the FCC's "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any [TCPA] violations"). In fact, in May 2013, the FCC issued a binding declaratory ruling clarifying that sellers "may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party telemarketers . . . under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification." *In re Joint Petition Filed by DISH Netowrk, LLC et al. for Declarator Ruling Concerning the TCPA Rules*, 28 FCC Rcd. 6574, 6584 ¶28 (2013).

16. Accordingly, an entity can be liable under the TCPA for a prohibited call made on its behalf under a number of theories including vicarious liability. Under those circumstances, the seller is properly deemed to have initiated the call through the person or entity that actually placed the call.

### **FACTUAL ALLEGATIONS**

17. Mr. Leiter is the user of a cellular telephone number ending in 3411.

18. Mr. Leiter's cellular telephone number uses area code (405) which is associated with Oklahoma.

19. In approximately July of 2024, Mr. Leiter began receiving telemarketing calls made by or on behalf of Defendant soliciting him with voice search optimization services for his business.

20. These calls all came from changing ten-digit numbers.

21. These calls would play a prerecorded voice message when Mr. Leiter answered the phone or would leave the prerecorded message (or portions of it) on his voice mail system when he did not answer his cellular phone.

22. The message stated:

> Hello. This is business listing verification with an urgent message. We are calling you because customers are looking for your company on Google Voice Search and your business is not verified. Please press one to verify your business. Press two if you wish to have your business not displayed on Google voice searches or call 877-556-9255 to opt out.[1]

23. Mr. Leiter received hundreds of these phone calls, with multiple occurring on single days. For example, on August 2, 2024 he received 22 of these calls from Defendant from the following telephone numbers:

- (580) 243-0168 – 1 time;
- (580) 243-0174 – 3 times;
- (580) 243-0172 – 1 time;
- (580) 243-0134 – 6 times;
- (580) 243-0124 – 1 time;
- (580) 243-0128 – 3 times;

---

[1] Numerous other consumers have reported this message as spam on popular robocall websites. *See, e.g.,* https://www.nomorobo.com/lookup/615-246-6612 (last accessed Dec. 31, 2024); https://directory.youmail.com/phone/229-270-9490 (last accessed Dec. 31, 2024); https://directory.youmail.com/phone/469-393-0727 (last accessed Dec. 31, 2024); and https://www.nomorobo.com/lookup/310-218-1261 (last accessed Dec. 31, 2024).

- (580) 218-0323 – 2 times;
- (580) 218-1767 – 4 times;
- (580) 218-0803 – 1 time.

24. Mr. Leiter repeatedly asked Defendants to stop calling, but they failed to do so.

25. Mr. Leiter pressed 2 in response to the prerecorded message but continued to get calls from Defendant.

26. Mr. Leiter pressed 1 in response to the prerecorded message and was connected to one of Defendant's representatives and asked that the calls stop.

27. Defendant continued to call Mr. Leiter despite his requests.

28. These calls came from changing ten-digit numbers – which were likely spoofed.

29. During one call, in an effort to identify Defendant, Mr. Leiter asked Defendant's representative if Defendant had a website. Defendant's representative stated that Defendant's website is www.voicesearchactivated.com.

30. Defendant's representatives had American accents and advised that they were located in a call center in Florida.

31. Mr. Leiter did not provide his consent to receive these calls from Defendant.

32. Mr. Leiter requested that Defendant cease calling him.

33. Defendant's records or the records of third parties will reveal all of the calls Defendant made, or had made, to Mr. Leiter.

34. Defendant's violations were negligent.

35. Alternatively, Defendant's violations were willful and knowing.

36. Mr. Leiter and the class were damaged by the violations alleged herein. Their privacy was improperly invaded, Defendant's calls temporarily seized and trespassed upon the use

of their phones, and they were forced to divert attention away from other activities to address the unwanted calls. The calls were annoying and a nuisance, and wasted the time of Mr. Leiter and the class members. *See, e.g., Mims,* 565 U.S. at 372 (discussing congressional findings of consumer "outrage" as to prerecorded calls).

## DEFENDANT'S LIABILITY

37. Defendant uses automated systems to make prerecorded telephone calls, to hundreds if not thousands of consumers' cellular telephone numbers across the U.S.

38. These calls utilized an artificial or prerecorded voice in violation of 47 U.S.C. § 227(b).

39. For violations of 47 U.S.C. § 227(b), Mr. Leiter is entitled to a minimum of $500 per call. *See* 47 U.S.C. § 227(b)(3)(B).

40. Mr. Leiter is entitled to $1,500 per call if Defendant's actions are found to be knowing or willful. See 47 U.S.C. § 227(b)(3)(C).

## CLASS ACTION ALLEGATIONS

41. Mr. Leiter brings this action under Fed. R. Civ. P. 23 on behalf of a "Class" defined as follows:

> Plaintiff and all persons within the United States who from four years prior to the filing of this action through class certification Defendant (or an agent acting on behalf of Defendant) called using an artificial or prerecorded voice message for the same purpose Plaintiff was called.

42. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest; Defendant's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

43. The Members of the Class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

44. The exact number and identities of the persons who fit within the Class are ascertainable in that Defendant and/or third parties maintain written and electronically stored data showing:

    a. The time period(s) during which Defendant made its calls;

    b. The telephone numbers to which Defendant called;

    c. The telephone numbers for which Defendant had prior express written consent;

    d. The purposes of such calls; and

    e. The names and addresses of Class members.

45. The Class is comprised of hundreds, if not thousands, of individuals.

46. There are common questions of law and fact affecting the rights of the Members of the Class, including, *inter alia*, the following:

    a. Whether Defendant (or someone acting on its behalf) makes telemarketing calls;

    b. Whether Defendant (or someone acting on its behalf) obtains prior express written consent;

    c. Whether Defendant's calls utilize and artificial or prerecorded voice;

    d. Whether Defendant fails to honor do-not-call requests;

    e. Whether Defendant's statutory violations were willful and knowing; and

    f. Whether Defendant should be enjoined from engaging in such conduct in the future.

47. Plaintiff is a member of the Class in that Defendant called Plaintiff's cellular telephone number utilizing an artificial or prerecorded voice message without this consent.

48. Plaintiff's claims are typical of the claims of the Members of the Class in that they arise from Defendant's uniform conduct and are based on the same legal theories as these claims.

49. Plaintiff and all putative Members of the Class have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Class spent time tending to Defendant's unwanted calls and suffered a nuisance and an invasion of their privacy.

50. Plaintiff has no interests antagonistic to, or in conflict with, the Class.

51. Plaintiff will thoroughly and adequately protect the interests of the Class, having retained qualified and competent legal counsel to represent him and the Class.

52. Defendant has acted and refused to act on grounds generally applicable to the Class, thereby making injunctive and declaratory relief appropriate for the Class.

53. The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

54. A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

55. Common questions will predominate, and there will be no unusual manageability issues.

### FIRST CAUSE OF ACTION
### Violations of the TCPA, 47 U.S.C. §227(b)
### (On behalf of Plaintiff and the Prerecorded Class)

56. Mr. Leiter and the proposed Class incorporate the foregoing allegations as if fully set forth herein.

57. Defendant placed, or had placed on its behalf, prerecorded telephone calls to Mr. Leiter's and Class Members' cellular telephone numbers without prior express consent.

58. The calls were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b).

59. Defendant has therefore violated 47 U.S.C. § 227(b).

60. As a result of Defendant's unlawful conduct, Mr. Leiter and the Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

61. Mr. Leiter and the Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 277(b)(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.  An order certifying the Class as defined above, appointing Plaintiff as the representatives of the Class and appointing his counsel as Class Counsel;

B.  An order declaring that Defendant's actions, as set out above, violate the statutes referenced herein;

C.  An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

D.  An award of statutory damages;

E.  An award of treble damages;

F.     An award of reasonable attorneys' fees and costs;

G.     Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

By: _/s/ Colton L. Richardson_
Charles L. Richardson, Esq.
Colton L. Richardson, Esq.
RICHARDSON, RICHARDSON, BOUDREAUX
7447 South Lewis Avenue,
Tulsa, Oklahoma 74136
918-508-2367
chuck@rrbok.com
colton@rrbok.com

Max S. Morgan, Esquire*
THE WEITZ FIRM, LLC
1515 Market Street, #1100
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com

*to seek admission pro hac vice*

**Attorneys for Plaintiff**